McKinney, J.
delivered the opinipn of the court.
This is an application to supersede and quash an execution upon the ground that before its issuance, the judgment had been satisfied and extinguished. It appears, that Murrell had obtained two small judgments against Bynum, before a justice of the peace, and on the 3d day of November 1842, Bynum paid to John S. Murrell, the agent of the plantiff, a' sum sufficient to discharge one of the judgments in full, leaving a balance to be applied toward the satisfaction of the other; and thereupon satisfaction of the judgment thus discharged, was entered by the justice upon his docket. Some time afterwards, John S. Murrell, the agent of the plaintiff, .having other claims belonging to his principal in the hands of Bynum, who was a constable, moved for judgment against him, before the same justice, who rendered the judgments and entered the satisfaction before mentioned, and on the hearing Bynum proposed, that the payment made on the 2d of November 1842, and which had been previously applied to the entire satisfaction of one of said judgments, and the par *702 tial satisfaction of the other, should be appropriated to the claim on account of which judgment on motion was sought; and that the satisfaction of the first named judgment should be made void, and the justice being of opinion that this might be done; and the parties assenting thereto, the entry of satisfaction of said judgment was cancelled and obliterated by the justice, and the execution sought to be quashed in this case, was issued upon said judgment and levied upon the property of Bynum, the plaintiff in error. Upon the foregoing facts, his honor, the circuit judge, refused to quash the execution but discharged the supersedeas, and the defendant prosecuted an appeal in error to this court.
We think, the judgment of the circuit court is erroneous.
The judgment having been once fully satisfied by the voluntary act and agreement of the parties, was thereby utterly and forever extinguished; and could not again be resuscitated or set on foot by any act of the parties. The execution issued in this ease therefore was wholly unauthorized and void and ought to have been quashed.
Besides, to permit matters of record or quasi of record to be obliterated and destroyed in the mode pursued in this case, would obviously be fraught with consequences most dangerous to the security of judgment, debtors. It is not necessary to notice the other matters in the record, as upon the ground already stated, the judgment of the circuit court must be reversed and the execution quashed.
Note. — It does not appeál from the record who appeared in the above case.